UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62720-CIV-COHN/WHITE

JAMES ROBERT HEUSS,

    Petitioner,

v.

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 7] ("Report") of Magistrate Judge Patrick A. White concerning Petitioner James Robert Heuss's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] ("Petition").  Heuss has filed timely Objections [DE 10] to the Report.  The Court has reviewed *de novo* the file herein and is otherwise fully advised in the premises.

Heuss's Petition challenges his state-court convictions and sentences for two counts of sexual battery upon a child and one count of indecent assault on a child. In the Report, Magistrate Judge White noted that Heuss had previously filed another federal habeas petition regarding the same convictions and sentences.  See Heuss v. Moore, Case No. 01-cv-05175-UU (S.D. Fla. filed Dec. 28, 2001).  Judge Ungaro dismissed that petition in January 2003; after granting a certificate of appealability on one of Heuss's claims, the Eleventh Circuit affirmed.  See id., DE 30, 41, 43.

In view of Heuss's earlier petition, Magistrate Judge White determined that the instant Petition is second or successive.  See 28 U.S.C. § 2244(b).  Further, Judge White noted that Heuss had not obtained an order from the Eleventh Circuit authorizing this Court to consider his second or successive habeas corpus petition.  See 28 U.S.C. § 2244(b)(3)(A).  Judge White thus recommended that the Court dismiss the Petition.  See Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (per curiam) (explaining that, without authorization from the court of appeals, a district court lacks subject-matter jurisdiction to consider a successive habeas petition).[1]  Judge White advised Heuss that if he "intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. § 2244(b)(3)(A)."  DE 7 at 3; see DE 7-1 (attached application form).

After a careful review, this Court agrees with Magistrate Judge White's reasoning, conclusions, and recommendations.  More, the Court has considered Heuss's Objections and finds them to be without merit.  Heuss argues that the Court may review the judgment in his state post-conviction proceedings because a procedural error rendered that judgment "void."  This argument, however, relies largely on Federal Rule of Civil Procedure 60(b)(4), which allows relief from a void judgment or order entered by **the federal court**.  See Fed. R. Civ. P. 60(b)(4); see also Williams, 510 F.3d at 1293-94 (distinguishing Rule 60(b) motions that contest federal court's ruling on merits of habeas claim from Rule 60(b) motions that assert procedural defects

---

[1] Because Heuss's Petition appeared to be barred by the one-year limitations period of 28 U.S.C. § 2244(d), Judge White declined to recommend transferring this case to the Eleventh Circuit or staying the action.  See Guenther v. Holt, 173 F.3d 1328, 1331-32 (11th Cir. 1999).

in federal habeas case).  Rule 60(b) does not apply to Heuss's claim that the Florida courts' judgment is void.  And that claim remains subject to the normal limitations on second or successive habeas petitions.  The Court therefore must dismiss the Petition for lack of jurisdiction.  See 28 U.S.C. § 2244(b)(3)(A); Williams, 510 F.3d at 1293-94.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 7] is **ADOPTED**;

2. Petitioner's Objections [DE 10] are **OVERRULED**;

3. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1] is **DISMISSED** for lack of jurisdiction.  As explained in the Magistrate Judge's Report, Petitioner may seek authorization from the Eleventh Circuit to file a second or successive habeas petition; and

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of January, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:

Magistrate Judge Patrick A. White

Counsel of record

James Robert Heuss, *pro se*
722209
Century Correctional Institution
Inmate Mail/Parcels
400 Tedder Road
Century, FL  32535